UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Civil Action No.

LIJUANA ANDERSON,                          )
                                           )
                    Plaintiff,             )
                                           )
        v.                                 )
                                           )
DAVID STEINER,                             )
POSTMASTER GENERAL,                        )
UNITED STATES POSTAL                       )
SERVICE,                                   )
                                           )
                    Agency.                )

COMPLAINT FOR ENFORCEMENT OF EEOC ORDER
AND MOTION FOR INJUNCTIVE RELIEF COMPLAINT
FOR ENFORCEMENT OF EEOC ORDER
AND, IN THE ALTERNATIVE, DE NOVO RELIEF UNDER TITLE VII

NOW COMES Plaintiff Lijuana Anderson "Plaintiff" or "Anderson"), by and through undersigned counsel, complaining of the Defendant David Steiner, Postmaster General, United States Postal Service, ("Defendant" or "USPS"), and alleges and says:

INTRODUCTION

1. This is a hybrid action seeking (1) enforcement of a final EEOC order and (2) in the alternative, de novo relief under Title VII.

2. Plaintiff expressly pleads these claims in the alternative to preserve all available remedies.

3. The EEOC has already determined that Defendant engaged in unlawful discrimination and retaliation.

4. Defendant has failed to comply with the EEOC's final order.

## PARTIES

5. Plaintiff Lijuana L. Anderson is a resident of North Carolina.

6. Defendant United States Postal Service is a federal agency with operations throughout the United States, including in North Carolina and Virginia.

7. Defendant David Steiner is the Postmaster General of the United States Postal Service and is sued in his official capacity.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to  and , because this action arises under the Constitution and laws of the United States and involves enforcement of a final order of the Equal Employment Opportunity Commission  under 42 USCS § 2000e-16, 42 U.S.C. § 2000e-16(c), 28 U.S.C. § 1331, and 29 C.F.R. § 1614.503(g).

9. This Court has personal jurisdiction over Defendant United States Postal Service because it is a federal agency with operations throughout the United States, including in North Carolina, and because this action is brought pursuant to 42 USCS § 2000e-16.

2

10. This Court has personal jurisdiction over Defendant Louis DeJoy because he is the Postmaster General of the United States Postal Service, sued in his official capacity, and because this action is brought pursuant to 42 USCS § 2000e-16.

11. Venue is proper in this Court pursuant to 42 USCS § 2000e-5, because Plaintiff resides in North Carolina and a substantial part of the events or omissions giving rise to the claim occurred in North Carolina, including Defendant's offer of an unsuitable reinstatement position in North Carolina and Defendant's denial of Plaintiff's applications to post offices in North Carolina.

STATEMENT OF FACTS

Background of Underlying Discrimination Case

12. Plaintiff was employed as a Part-Time Flexible (PTF) Sales and Services Associate at the United States Postal Service Post Office in Topping, Virginia.

13. On December 1, 2020, Plaintiff filed an Equal Employment Opportunity (EEO) complaint alleging that she was subjected to discrimination and a hostile work environment based on race and in retaliation for prior protected EEO activity.

14. Plaintiff participated in mediation on February 11, 2021, but the parties were unable to reach a resolution.

15. Plaintiff requested a hearing before an EEOC Administrative Judge.

16. A hearing was held over four days on February 20-21, June 25, and July 5, 2024.

17. On August 29, 2024, Administrative Judge M.J. Clay issued a Hearing Decision finding that Plaintiff proved that Defendant subjected her to discrimination and retaliation based on protected EEO activity as to Claims 2-5.

18. The Administrative Judge awarded Plaintiff seventy-two thousand seven hundred fifty dollars in compensatory damages, back pay from March 17, 2021 through the date of the decision, fifty-eight thousand six hundred twenty-nine dollars and twenty-nine cents in attorney's fees, and other equitable relief including reinstatement.

19. On September 13, 2024, the Administrative Judge issued an Errata Hearing Decision clarifying certain provisions of the August 29, 2024 decision.

20. On October 15, 2024, Defendant issued a Notice of Final Action stating that it would fully implement the Administrative Judge's decision.

21. On November 1, 2024, Plaintiff received payment of seventy-two thousand seven hundred fifty dollars in compensatory damages as ordered by the Administrative Judge.

22. On November 7, 2024, Plaintiff appealed to the Equal Employment Opportunity Commission, arguing that Defendant's offer of reinstatement to her previous position in Topping, Virginia was not appropriate relief because

4

Plaintiff had relocated to North Carolina for financial reasons after being removed from her position.

The EEOC's December 29, 2025 Order

23. On December 29, 2025, the Equal Employment Opportunity Commission issued a final appellate decision in Anderson v. U.S. Postal Service, Appeal No. 2025000566, Agency No. 4K-230-0033-21.

24. The EEOC's December 29, 2025 decision modified the Administrative Judge's order and directed Defendant to take the following remedial actions within sixty days of the date the decision was issued.

25. The EEOC ordered Defendant to reinstate Plaintiff to the same or similar position with the Agency, as a PTF, at a suitable Agency facility within commuting distance of Plaintiff's present location, or to another Agency facility mutually agreeable to the parties.

26. The EEOC ordered Defendant to determine the appropriate amount of back pay, with interest, and other benefits due to Plaintiff for the period of March 17, 2021, to the date Plaintiff is reinstated or the date on which Plaintiff declines reinstatement.

27. The EEOC ordered Defendant to notify Plaintiff that she has the right to provide documentation demonstrating that she incurred adverse tax consequences as a result of receiving a lump sum award and to provide

5

reimbursement of fees incurred from hiring a certified public accountant or tax preparer to calculate the amount of increased tax liability.

28. The EEOC's decision stated that Plaintiff was entitled to an award of reasonable attorney's fees incurred in the processing of the complaint, and that the attorney shall submit a verified statement of fees to the Agency within thirty days of receipt of the decision.

29. Plaintiff's attorney was unable to submit a complete verified statement of fees due to the Defendant's ongoing noncompliance with the EEOC's order.

30. The EEOC's decision stated that compliance with the Commission's corrective action is mandatory and that if Defendant did not comply with the Commission's order, Plaintiff could petition the Commission for enforcement of the order or file a civil action to enforce compliance with the Commission's order.

31. Despite the letter of the Compliance Manager dated March 23, 2026, Defendant has failed a refuse to comply with the EEOC decision, leaving Plaintiff no choice but to file this action.

Defendant's Non-Compliance with the EEOC Order: Reinstatement

32. The EEOC's decision stated that when discrimination is found, an agency must provide a remedy that constitutes full, make-whole relief to restore a complainant as nearly as possible to the position he or she would have occupied absent the discrimination.

33. On January 20, 2026, Defendant submitted a compliance report to the EEOC stating that it had complied with certain provisions of the order but did not address reinstatement or back pay.

34. On February 17, 2026, Defendant sent Plaintiff an email directing her to report to a post office located in Iron Station, North Carolina, at six o'clock in the morning four days from the date of the email.

35. Iron Station, North Carolina is approximately forty-five miles from Plaintiff's home in Ellenboro, North Carolina, with a commute time of approximately fifty-five to sixty minutes.

36. When Plaintiff previously worked at the Topping, Virginia Post Office, her commute was approximately ten minutes and seven miles.

37. Plaintiff has indicated her willingness to accept a position within thirty miles or approximately thirty minutes commute from her home in Ellenboro, North Carolina, which is three times her previous commute when working for the U.S.P.S.

38. At least twenty-four post offices exist within thirty miles of Plaintiff's home in Ellenboro, North Carolina, including post offices in Mooresboro, Henrietta, Bostic, Caroleen, Forest City, Spindale, Rutherfordton, Union Mills, Lattimore, Shelby, Lawndale, Polkville, Casar, and other locations.

7

39. The February 17, 2026 assignment to Iron Station did not give Plaintiff adequate time to provide notice to her current employer or to make arrangements for childcare or transportation.

40. Plaintiff did not agree to the Iron Station position because it was not within reasonable commuting distance and was not mutually agreeable as required by the EEOC's order.

41. In early 2025, Plaintiff applied for positions at post offices in Lawndale, Saluda, and Ellenboro, North Carolina, all of which are within thirty miles of her home.

42. Defendant rejected all of Plaintiff's applications for positions at Lawndale, Saluda, and Ellenboro rejecting Plaintiff as "unsuitable" based on a designation in Plaintiff's personnel record.

43. The "unsuitable" designation is based on attendance records that the Administrative Judge found in **2024** were the result of retaliatory harassment by Defendant.

44. Defendant has maintained the "unsuitable" designation on Plaintiff's personnel record despite the Administrative Judge's finding that the underlying attendance issues were the result of discrimination and retaliation.

45. Notwithstanding the Administrative Judge's finding that the "unsuitable" designation was discriminatory and retaliatory, the Defendant maintained

that designation which prevented Plaintiff from obtaining positions at post offices within reasonable commuting distance of her home.

46. As of March 23, 2026, *eighty-five days* after the EEOC's December 29, 2025 order, Defendant had not reinstated Plaintiff to a suitable position within commuting distance of her present location or to a position mutually agreeable to the parties.

47. As of March 23, 2026, when the Administrative Judge found the designation as "unsuitable" discriminatory and retaliatory, *five hundred and seventy-one days* passed during which the Defendant failed to correct its personnel records designating Petitioner as "unsuitable" after the first decision of the Administrative Judge.

Defendant's Non-Compliance with the EEOC Order: Back Pay

48. Defendant calculated back pay only through October 14, 2024, and paid Plaintiff a total of one hundred nine thousand two hundred seventy-five dollars and seventy-nine cents, consisting of eighty-two thousand seven hundred eighty-eight dollars and twenty-one cents in back pay, twenty-three thousand fifty-nine dollars and eighty-seven cents in interest, and three thousand four hundred twenty-seven dollars and seventy-one cents in correction.

49. The original backpay calculation was flawed in multiple ways, including the hourly rate of pay.

50. Defendant admitted this error and corrected it after Plaintiff appealed the calculation.

51. Defendant then issued an additional check to Plaintiff; however, Defendant did not correct other errors in the calculations and continued to miscalculate Plaintiff's back pay by refusing to calculate her weekly hours as 40, instead of 34; by failing to roll over the appropriate amount of accumulated vacation and sick leave; and failed to pay Plaintiff at the proper hourly rate for vacation and sick leave.

52. Finally, Defendant has not calculated or paid back pay from October 15, 2024, through the date of reinstatement or declination as required by the EEOC's December 29, 2025 order.

53. As of March 23, 2026, because of the lack of finality in the amount of back pay due Plaintiff, Plaintiff is unable to document the adverse tax consequences of a full back pay award in order to seek reimbursement for fees incurred from hiring a certified public accountant or tax preparer.

54. Defendant paid attorney's fees only through July 24, 2024, in the amount of fifty-eight thousand six hundred twenty-nine dollars and twenty-nine cents.

55. Plaintiff's counsel has incurred additional attorney's fees from July 25, 2024 through the present date in processing the complaint and seeking enforcement of the EEOC's order.

56. Defendant has not paid attorney's fees for work performed after July 24, 2024.

Exhaustion of Administrative Remedies

57. On March 11, 2026, Plaintiff's counsel submitted a detailed compliance report to the EEOC Compliance Officer documenting Defendant's non-compliance with the December 29, 2025 order.

58. On March 19, 2026, Plaintiff's counsel submitted a supplemental compliance report to the EEOC Compliance Officer providing additional documentation of Defendant's non-compliance.

59. On March 23, 2026, the EEOC Compliance Officer determined that Defendant is not in compliance with the EEOC's December 29, 2025 order.

60. Plaintiff has exhausted all administrative remedies available to her.

61. Plaintiff has the right to file a civil action to enforce compliance with the EEOC's order..

## COUNT I
## VIOLATION OF 42 U.S.C. § 2000e-16(c)
## FAILURE TO COMPLY WITH EEOC ORDER

62. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

63. On December 29, 2025, the Equal Employment Opportunity Commission issued a final appellate decision ordering Defendant to take specific remedial actions within sixty days.

64. The EEOC's order became final and binding on Defendant on December 29, 2025.

65. The EEOC's order required Defendant to reinstate Plaintiff to a suitable position within commuting distance of her present location or to a mutually agreeable position within sixty days.

66. The EEOC's order required Defendant to calculate and pay back pay with interest from March 17, 2021, through the date of reinstatement or declination within sixty days.

67. The EEOC's order required Defendant to notify Plaintiff of her right to document adverse tax consequences and to seek reimbursement for fees incurred from hiring a certified public accountant or tax preparer within sixty days.

68. The EEOC's order required Defendant to pay reasonable attorney's fees for work performed in processing the complaint.

69. As of March 23, 2026, eighty-five days after the EEOC's order, Defendant has failed to comply with the order.

70. Defendant has failed to reinstate Plaintiff to a suitable position within commuting distance of her present location or to a mutually agreeable position.

71. The position offered by Defendant at Iron Station, North Carolina is approximately forty-five miles and fifty-five to sixty minutes from Plaintiff's home, which is not within reasonable commuting distance.

72. At least twenty-four post offices exist within thirty miles of Plaintiff's home, but Defendant has refused to offer Plaintiff a position at any of these locations.

73. Defendant has maintained an "unsuitable" designation on Plaintiff's personnel record that prevents Plaintiff from applying for positions at post offices within reasonable commuting distance.

74. Defendant has failed to calculate and pay back pay from October 15, 2024 through the date of reinstatement or declination.

75. This failure has prevented Plaintiff from exercising her right to document adverse tax consequences and to seek reimbursement for fees incurred from hiring a certified public accountant or tax preparer to calculate the same.

76. Defendant has failed to pay attorney's fees for work performed after July 24, 2024.

77. The EEOC Compliance Officer has determined that Defendant is not in compliance with the EEOC's December 29, 2025 order.

78. Plaintiff has exhausted all administrative remedies.

79. Defendant's failure to comply with the EEOC's order violates 42 USCS § 2000e-16.

80. Defendant's failure to comply with the EEOC's order has caused Plaintiff to suffer damages, including loss of income, loss of benefits, and emotional distress.

## COUNT II
## VIOLATION OF TITLE VII
## CONTINUED RETALIATION

81. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

82. Plaintiff engaged in protected activity by filing EEO complaints in December 2020 and participating in mediation, hearing, and appeal proceedings.

83. Defendant was aware of Plaintiff's protected activity.

84. After Plaintiff engaged in protected activity, Defendant took adverse actions against Plaintiff, including maintaining an "unsuitable" designation on Plaintiff's personnel record, offering an unsuitable reinstatement position, and denying Plaintiff's applications for positions at post offices within reasonable commuting distance.

85. Defendant maintained the "unsuitable" designation on Plaintiff's personnel record despite the Administrative Judge's finding that the underlying attendance issues were the result of discrimination and retaliation.

86. Defendant offered Plaintiff a reinstatement position at Iron Station, North Carolina, which is approximately forty-five miles and fifty-five to sixty minutes from Plaintiff's home, without Plaintiff's agreement and despite the EEOC's order requiring a position within commuting distance or mutually agreeable to the parties.

87. Defendant denied Plaintiff's applications for positions at Lawndale, Saluda, and Ellenboro post offices in early 2025 based on the "unsuitable" designation.

88. At least twenty-four post offices exist within thirty miles of Plaintiff's home, but Defendant has refused to offer Plaintiff a position at any of these locations.

89. Defendant's adverse actions were causally connected to Plaintiff's protected activity.

90. Defendant's adverse actions occurred after Plaintiff filed EEO complaints and participated in EEO proceedings.

91. Defendant's adverse actions are designed to prevent Plaintiff from obtaining compliant reinstatement and to punish Plaintiff for engaging in protected activity.

92. Defendant's adverse actions are reasonably likely to deter Plaintiff and others from engaging in protected activity.

93. Defendant's continued retaliation violates 42 USCS § 2000e-16.

94. Defendant's continued retaliation has caused Plaintiff to suffer damages, including loss of income, loss of benefits, and emotional distress.

COUNT III
VIOLATION OF 42 USCS § 2000e-16
FAILURE TO PROVIDE FULL MAKE-WHOLE RELIEF

95. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

96. The Administrative Judge found that Plaintiff was subjected to discrimination and retaliation based on protected EEO activity.

97. The EEOC Commission issued an appellate decision on December 29, 2025 requiring Defendant to provide make-whole relief to Plaintiff.

98. The relief required by the EEOC's order includes reinstatement to a suitable position within commuting distance of Plaintiff's present location or to a mutually agreeable position, back pay with interest from March 17, 2021 through the date of reinstatement or declination, notification of the right to document adverse tax consequences and reimbursement for fees incurred from hiring a certified public accountant or tax preparer, and attorney's fees for work performed in processing the complaint.

99. As of March 23, 2026, Defendant has failed to provide the full relief required by the EEOC's order.

100. The reinstatement position offered by Defendant at Iron Station, North Carolina is not suitable and was not mutually agreed upon.

101. Defendant has calculated back pay only through October 14, 2024, not through the date of reinstatement or declination.

102. Defendant has not provided Plaintiff the ability to document adverse tax consequences of the additional back pay to which she is entitled nor or reimbursement for fees incurred from hiring a certified public accountant or tax preparer tp calculate the same.

103. Defendant has paid attorney's fees only through July 24, 2024, not through the date of full compliance.

104. Defendant's failure to provide full make-whole relief violates 42 USCS § 2000e-16.

105. When discrimination is found, an agency must provide a remedy that constitutes full, make-whole relief to restore a complainant as nearly as possible to the position he or she would have occupied absent the discrimination.

106. Defendant's failure to provide full make-whole relief has caused Plaintiff to suffer damages, including loss of income, loss of benefits, and emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Issue a declaratory judgment that Defendant has violated and 29 C.F.R. § 1614.503 by failing to comply with the EEOC's December 29, 2025 order.

2. Issue a preliminary and permanent injunction requiring Defendant to immediately reinstate Plaintiff to a Part-Time Flexible position at a suitable post office location within commuting distance of Plaintiff's present location in Ellenboro, North Carolina, or to another location mutually agreeable to the parties, substantially equivalent to Plaintiff's previous position, with similar pay, location, and duties.

3. Issue a preliminary and permanent injunction requiring Defendant to remove the "unsuitable" designation from Plaintiff's personnel record.

4. Order Defendant to calculate and pay full back pay with interest from March 17, 2021, through the date of reinstatement or declination, including all forms of compensation, salary, benefits, leave accrual, and retirement contributions that Plaintiff would have earned but for the discrimination, with interest calculated at the applicable federal rate.

5. Order Defendant to pay Plaintiff back pay for the period from October 15, 2024 through the date of reinstatement or declination, plus interest.

6. Order Defendant to provide Plaintiff with notification of her right to document adverse tax consequences resulting from receipt of back pay as a lump sum payment and to reimburse Plaintiff for fees incurred from hiring a certified public accountant or tax preparer to calculate the increased tax liability.

7. Order Defendant to pay Plaintiff reimbursement for any increased tax liability resulting from receipt of back pay as a lump sum payment.

8. Order Defendant to pay reasonable attorney's fees for work performed in processing the complaint and enforcing the EEOC's order, including work performed after July 24, 2024 through the date of full compliance, calculated using the lodestar method based on prevailing market rates in the relevant community for attorneys with similar experience and expertise, pursuant to and the EEOC's December 29, 2025 order.

Respectfully submitted, this the 30th day of March 2026.

/s/ VALERIE L. BATEMAN
Valerie L. Bateman
NC State Bar No. 13417
NEW SOUTH LAW FIRM
209 Lloyd Street, Ste 350
Carrboro, North Carolina 27510
Tel:  919-810-3139
Fax: 919-823-6383
valerie@newsouthlawfirm.com